## Village of Mackinaw v. John Hoffman.

1. VERDICTS—*When Not to be Disturbed.*—When the evidence is conflicting and that of either side standing alone supports the verdict, where no intervening errors of instructions or rulings of the court upon the admission of evidence have occurred, an Appellate Court will not disturb the finding upon the ground that it is not supported by the evidence.

**Action for Violating an Ordinance.**—Appeal from the Circuit Court of Tazewell County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

SHEEN & MILLER, attorneys for appellant.

H. C. FRINGS, attorney for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellee was charged before a police magistrate with the violation of an ordinance of the village against tumultuous and offensive conduct, quarreling, assaulting, striking and fighting, and having been there convicted, he appealed the case to the Circuit Court, where a trial by jury resulted in a verdict and judgment of acquittal, and to reverse such judgment the village has prosecuted its appeal to this court, and counsel have argued with much earnestness as reasons for such reversal that the verdict of the jury is not supported by the evidence, and that it was error for the court to deny the motion for a new trial because of such reason, and the further ground of the existence of newly discovered evidence.

It appears from the evidence that appellee and Gilmore engaged in a quarrel and fight within the village, and several blows were struck, and the contention of appellee in the trial court was, and the same is renewed here, that Gilmore was the aggressor, and that he did no more than was reasonably or apparently necessary to defend himself against the assault made upon him by Gilmore. This formed

the controlling issue of fact to be tried by the jury. The evidence in the case upon this issue was incapable of reconciliation, and upon examination we feel compelled to say that if either side standing alone would support a verdict for the party to which it might have been returned, and where no intervening errors of instructions or rulings upon the admission of evidence have occurred, and no complaints in those respects have been made, the well settled rule, the authorities upon which are too numerous to cite, is that in such a state of the case, an Appellate Court will not disturb the verdict upon the ground that it is not supported by the evidence, but will accept the verdict as decisive of the issue tried.

At the hearing of the motion for a new trial it was shown that upon another trial three newly discovered witnesses would testify that while the father of appellee and Gilmore were quarreling, appellee interfered and struck the latter. We are of the opinion this evidence would be cumulative merely to the evidence appellant had already submitted to the jury, and for such reason the trial court did not err in denying the motion for a new trial.

Finding no error the judgment of the Circuit Court will be affirmed.